## S04Y0541. IN THE MATTER OF ROSE EUGENIE GOFF.
(591 SE2d 819)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report recommending that Respondent Rose Eugenie Goff be suspended for no less than six months and no more than one year for her violations of Standards 22 (lawyer shall not withdraw from representation without notifying client); 44 (lawyer shall not wilfully abandon or disregard legal matter entrusted to him); and 46 (lawyer shall not conceal that which he is required by law to reveal) of Bar Rule 4-102 (d). The maximum punishment for a violation of either Standard 22 or 46 is a public reprimand while a violation of Standard 44 may be punished by disbarment. Although Goff was properly served by publication with a formal complaint, she failed to answer and the State Bar's motion for default was granted. By virtue of the default, the allegations in the formal complaint were deemed admitted, but the special master afforded Goff the opportunity to present mitigating circumstances concerning a recommended discipline.

After Goff failed to make any such showing, the special master entered a report recommending that Goff be disbarred. In September 2003, Goff, along with the State Bar, filed a stipulation of facts, and, on December 1, 2003, the special master filed an amended report in which she reaffirmed and incorporated her original findings of fact; accepted the stipulation of mitigating factors and incorporated it by reference into the report; and concluded that suspension, rather than disbarment, is the appropriate sanction in this case.

Goff represented a client in an employment discrimination case in the United States District Court for the Northern District of Georgia, Atlanta Division. Without informing her client, Goff agreed to the taking of her client's deposition by defendant's counsel; rescheduled the deposition twice; and then failed to appear for the deposition. Defense counsel moved for sanctions for failure to prosecute and failure to appear for deposition. In September 1999, the magistrate judge granted the motion to impose sanctions and assessed costs against Goff personally. Although Goff filed an objection to the magistrate judge's report and the district court judge overruled her objection, Goff failed to inform her client of these occurrences. In June 2000, the magistrate judge issued a report recommending that the defense's motion for summary judgment be granted and the complaint be dismissed. Goff failed to file objections to the report and after the district court judge adopted the magistrate judge's report and dismissed the complaint with prejudice, Goff failed to appeal the order or to inform her client of the dismissal.

We have reviewed the record and agree with the special master that Goff violated Standards 22, 44, and 46 of Bar Rule 4-102 (d) and that suspension is the appropriate sanction in this case. We note in mitigation of discipline that Goff has no prior disciplinary record; did not act with selfish motive or for personal gain; suffered from personal or emotional problems that contributed to her misconduct; accepted responsibility for her misconduct; demonstrated good character and had a reputation for professional competence and integrity prior to the misconduct in this case; and is genuinely remorseful for any adverse impact her actions had on her client. Accordingly, Goff is hereby suspended from the practice of law for one year with her right to resume law practice conditioned upon a determination by the State Bar's Lawyer Assistance Program, based upon a review of the report of her treating physician or counselor that she is competent to resume the practice of law and that there is no credible basis to believe that her resumption of practice would pose a threat of harm to clients or to the public. The determination of the State Bar's Lawyer Assistance Program should be presented to this Court for entry of an appropriate order regarding termination of Goff's suspension. Goff is reminded of her duties under Bar Rule 4-219 (c).

*One-year suspension with conditions. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Bondurant, Mixson & Elmore, Jeffrey O. Bramblett*, for Goff.